# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK CANAMAR, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| MCMILLIN TEXAS MANAGEMENT § | | SA-08-CV-0516 FB |
| SERVICES, LLC and § | | |
| MCMILLIN TEXAS HOMES, LLC, § | | |
| § | | |
| Defendants. § | | |

## ORDER DENYING MOTION TO COMPEL (DOCKET #31)

The matter before the Court is plaintiff's motion to compel and defendants' response thereto (docket entries 31 and 34).

Plaintiff alleges in his complaint that he was laid off from his position as warranty service representative by defendants on account of his service in the Texas Air National Guard. Defendants respond that plaintiff was laid off because his position was eliminated due to a reduction in warranty claims. By his motion plaintiff asks the Court to compel defendants to answer several interrogatories and produce documents to which defendants objected based on relevancy, over breadth, burdensomeness, and intrusion on the privacy of non-parties.

The disputed discovery seeks:

1. The identity of all defendants' employees from 1/08 to present, including dates of employment, jobs, pay rates, fringe benefits, supervisory official, and whether they were either in the military reserves or guard or veterans.

1

2. The defendants' payroll during the time of plaintiff's employment (commencing 10/06) to present.

3. Records relating to the positions which defendants sought to fill in 2008 to present.

4. New Employee Authorization forms for the positions which defendant filled in 2008 to present.

Defendants initially responded to the discovery with information relating to their warranty claims employees but refused to produce information as to employees who work outside that department. The crux of the dispute presented by this motion is whether records relating to employees and positions other than warranty service representatives are relevant to any claims and defenses in this case. F.R.Civ.P. 26(b) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense....") Defendants argue that in order to be relevant to plaintiff's claims of discrimination, the records must involve employees who are "similarly situated." Not surprising, plaintiff would have the Court define relevancy more broadly.

The parties essentially agree that in a USERRA case, after the plaintiff makes an initial showing that his military service was a motivating or substantial factor in the adverse employment action, the burden shifts to the defendant to show the decision would have been made in the absence of the protected military service and that the stated reason was not a pretext. (**See** cases cited by the parties.)

One of the ways in which a plaintiff in an employment discrimination action shows pretext is with evidence of how defendant treated other similarly situated but non-military employees. However, the plaintiff and the employees he identifies as comparators must be similarly situated "in all relevant respects;" "The comparator must be nearly identical to the plaintiff to prevent courts

from second-guessing a reasonable decision by the employer." **Wilson v. B/E Aerospace, Inc.**, 376 F.3d 1079, 1091 (11th Cir. 2004) (Title VII case).

Here, plaintiff argues that the stated explanation for his being laid off was a pretext and not the real reason for the adverse employment action. Defendants argue that plaintiff was laid off because of a decline in warranty claims work. Plaintiff counters that this stated reason is belied by the fact that defendants hired a new warranty claims representative just eleven days before they laid off plaintiff.

Plaintiff's discovery seeks information concerning all of defendants' employees. However, the claims (and defenses) in this case involve the warranty claims employees only, and whether in fact the work in that department declined so as to justify a reduction in force and when the defendants became aware that warranty claims declined in relation to the new hire and plaintiff's termination dates. Plaintiff has failed to show that the number and identity of other employees, their rates of pay, whether they had military status, and the particulars about new hires beyond the new employees working with warranty claims are relevant to his claims or to the defenses. F.R.Civ.P. 26(b). He has also failed to demonstrate the information concerning defendants' entire payroll is relevant to the claims or defenses.

Accordingly, the motion to compel is ORDERED DENIED, as is the request for attorneys fees.

**SIGNED** on March 30, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE