UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK CANAMAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MCMILLIN TEXAS MANAGEMENT | § | SA-08-CV-0516 FB |
| SERVICES, LLC and | § | |
| MCMILLIN TEXAS HOMES, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO EXCLUDE EXPERT TESTIMONY**

This order addresses the defendants' motion to exclude the testimony of Christopher W. Behan.[1] I have jurisdiction to resolve the motion because it is nondispositive and because the district judge referred pretrial motions to me.[2] After considering the motion, the response, and the reply, I deny the motion.

**Background.** Plaintiff Mark Canamar is a member of the Texas Air National Guard and a former employee of defendants McMillin Texas Management Services, LLC and McMillin Texas Homes, LLC (together, McMillin). Canamar sued McMillin under the Uniformed Services Employment and Reemployment Rights Act (USERRA), which prohibits employers from discriminating or harassing an employee because of his affiliation with the military.[3] Canamar also brought a cause of action against McMillin for firing Canamar because of his

---

[1]Docket entry # 36.

[2]Docket entry # 32.

[3]38 U.S.C. § 4311.

refusal to perform a requested illegal act, a claim under Texas common law (Canamar's *Sabine Pilot* claim).[4]

Canamar designated Behan as an expert witness.[5] Behan is an Assistant Professor at Southern Illinois University School of Law and has experience with the military legal system. Canamar designated Behan to testify about Canamar's legal status and obligations as a member of the Texas Air National Guard.[6] McMillin moved to exclude Behan's testimony on grounds that Behan does not qualify as an expert and that his testimony does not relate to facts at issue.[7]

**Standard**. Canamar and McMillin agree that the burden of proving the admissibility of an expert's testimony rests on the party offering the expert as a witness.[8] With a preponderance of evidence, Canamar must prove that Behan's testimony is both reliable and relevant to the case.[9]

---

[4]*Sabine Pilot Services v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985) (recognizing a narrow exception to Texas's employment-at-will doctrine where an employee is discharged "for the sole reason that the employee refused to perform an illegal act").

[5]Docket entry #28.

[6]Docket entry # 44, exh. 3, p. 31 ("So [Behan] was asked to review Mr. Canamar's military orders and answer the question of whether he was subject to the [UCMJ] or the Texas Code of Military Justice and what would have been the effect of him not showing up for any of these ordered military duties.").

[7]Docket entry # 36.

[8]Docket entry # 36, p. 3; docket entry # 43, p. 5. *See also Bocanegra v. Vicmar Services*, 320 F.3d 581, 585 (5th Cir. 2003) ("The party seeking to have the district court admit expert testimony must demonstrate that the expert's findings and conclusions are reliable, but need not show that the expert's findings and conclusions are correct.").

[9]*Daubert v. Merrell Dow Pharm.*,509 U.S. 579, 597 (1993). "([A]n expert's testimony both rests on a reliable foundation and is relevant to the task at hand.").

For an expert to be considered reliable, the expert must have "knowledge, skill, experience, training or education"[10] that will allow him to clarify facts at issue which may not be readily apparent to a juror. The expert must base his testimony on sufficient facts using reliable principles and must apply those principles reliably to the facts of the case.[11]

To be relevant, an expert's testimony must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[12] Relevant evidence is generally admissible, whereas irrelevant evidence is usually inadmissible.[13] The court must examine Behan's testimony for relevancy and reliability to determine whether Behan is qualified to testify as an expert witness.

**Whether Behan's testimony is reliable.** McMillin maintains Behan's testimony is unreliable because Behan is not an expert on USERRA, has never testified as an expert before, and did not sufficiently review the facts. Judges must act as gatekeepers in determining the reliability of an expert witness; however, there is no strict test for determining reliability, and a witness may be allowed to offer testimony on any technical or specialized knowledge as well as any scientific knowledge that he has acquired.[14] In addition to specialized knowledge, an expert must have sufficient facts about the subject matter and must use reliable methodology in reaching

---

[10] Fed. R. Evid. 702.

[11] *Id.*

[12] Fed. R. Evid. 401.

[13] Fed. R. Evid. 402.

[14] *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) ("[A]s the Court stated in *Daubert*, the test of reliability is 'flexible,' and *Daubert's* list of specific factors neither necessarily or exclusively applies to all experts or in every case.").

3

his conclusion.[15] The court has great latitude when determining reliability.[16]

Behan's vitae and published work show he has specialized knowledge of the military legal system.[17] Behan does not classify himself as an expert on USERRA or on private employer obligations, but his extensive personal history with the military legal system qualifies him as a witness capable of reliably explaining Canamar's legal obligations while serving in the Texas Air National Guard.[18] Canamar did not designate Behan as an expert with respect to the nuances of USERRA or guardsman-employer relations; instead, Canamar designated Behan to clarify the legal obligations and consequences of noncompliance with military-service obligations.[19] That Behan has never testified as an expert witness nor written an expert report does not disqualify him as an expert.[20] "[E]xperience and engag[ing] in scholarship" qualifies a witness as an expert, not testifying or writing expert reports for a court.[21] McMillin recognizes that Behan has scholastic experience in the area of military justice, which is the topic on which he was asked to

---

[15] *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) ("But the existence of sufficient facts and a reliable methodology is in all instances mandatory.").

[16] *Kumho Tire*, 526 U.S. at 142. ("[T]he law grants a district court the same broad latitude when it decided how to determine reliability as it enjoys in respect to its ultimate reliability determination.") (italics omitted).

[17] Docket entry # 44, exh. 1 (Behan's vitae).

[18] Docket entry # 36, exh. A, pp. 6-10 (Behan described his familiarity with teaching USERRA and admitted that he is not an expert of employer obligations.).

[19] *Id*. at p. 31 (Behan described the scope of his testimony.).

[20] Docket entry # 44, exh. 3, p. 31 (lines 24-25) and 32 (lines 1-5) (Behan stated that he has never been an expert witness or prepared an expert report).

[21] Docket entry # 36, p. 5. *See* Fed. R. Evid. 702.

testify.[22]  Additionally, Behan has specialized knowledge acquired through years of study and personal experience.[23]  McMillin's argument goes primarily to the weight of testimony rather than its admissibility.

McMillin also argues that Behan is not a credible expert because he has limited experience with the Texas Air National Guard and the Texas Code of Military Justice (TCMJ), and because he did not sufficiently review the facts.[24]  An expert witness is permitted to state opinions on issues about which the expert might not have personal experience.[25]  Behan has significant experience with the military legal system,[26] and used reliable methodology when researching the legal regulations applications to the Texas Air National Guard.[27]  Behan's experience as an advisor to military commanders of integrated military units that included soldiers of state guard units qualifies him to provide reliable testimony about a topic which is not readily apparent to a juror.  Although Behan has not previously worked with the Texas Air National Guard or the TCMJ, Behan studied the TCMJ and compared its provisions with the UCMJ.  Behan's explanation about a guardsman's obligations in "any one of three different

---

[22]*Id.*

[23]*Mathis v. Exxon Corp.*, 302 F.3d 448, 460 (5th Cir. 2002). ("Whether he is qualified to testify as an expert is a question of law.") (citation omitted).

[24]Docket entry # 36, p. 5-6.

[25]*Daubert*, 509 U.S. at 592 ("Unlike an ordinary witness. . . an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation.") (internal citations omitted).

[26]Docket entry # 43, exh. 1 (Behan's vitae).

[27]Docket entry #  44, exh. 3, p.37-39 (Behan described his methodology).

statuses"[28] would be particularly helpful to a juror because it explains when a guardsman is subject to the UCMJ versus the TCMJ. Behan's testimony about the consequences of a failure-to-obey under the UCMJ or the TCMJ would not be readily apparent to the average juror. In addition, Behan has sufficient facts about the topics on which he was asked to testify. Behan reviewed Canamar's enlistment contract, as well as orders directing Canamar to active duty.[29] Because Behan has specialized knowledge regarding the subject matter on which he was asked to testify and used reliable methodology when applying the knowledge to the facts of the case, I conclude that Behan's testimony is reliable.

**Whether Behan's testimony is relevant.** McMillin contends Behan's testimony is irrelevant because it relates to undisputed issues. Because McMillin does not contest the principle that a service member's refusal to follow military orders is unlawful, McMillin contends Behan's testimony would not assist the jury's understanding of the issues.

To be relevant, expert testimony must be relevant to the facts at issue and "assist the trier of fact to understand and determine a fact at issue."[30] The standard for relevancy is liberal,[31] but the topic of the testimony must be helpful to the jury regarding pertinent factual inquiries.[32]

---

[28]Docket entry # 44, exh. 2, p. 2.

[29]Docket entry #44, exh. 3, pp. 12-13.

[30]Fed. R. Evid. 702.

[31]*Daubert,* 509 U.S. at 587. ("[Fed. R. Evid. 401's] basic standard of relevance . . . is a liberal one.").

[32]*United States v. Posado*, 57 F.3d 428, 433 (5th Cir. 1995) ("To be 'helpful' under Rule 702, the evidence must possess validity when applied to the pertinent factual inquiry.").

6

Expert testimony may relate to "any fact that is of consequence"[33] that would help the trier of fact to understand a relevant issue.[34]

Behan's testimony is relevant because it relates to facts that are of consequence. Because Canamar alleges that McMillin violated the USERRA, he must make an "initial showing . . . that [his] military status was at least a motivating or substantial factor"[35] in his termination. Behan's testimony is relevant to this showing because it addresses Canamar's military status. Behan's testimony clarifies the scope and meaning of military orders, defines military statuses, and identifies when a guardsman is subject to military command. Because these topics may implicate Canamar's work in the private sector, Behan's testimony is relevant to the issues in the case.

McMillin also complains that testimony supporting Canamar's *Sabine Pilot* claim—that Canamar would have been subject to punishment under the UCMJ if he disobeyed a military order—is unhelpful to the jury because that matter is undisputed.[36] Such evidence may be irrelevant to McMillin's defense, but it is relevant to Canamar's claim. Relevancy to a particular litigant is not the determining factor regarding expert witness qualifications. Instead, the court must consider whether the topic will be of consequence in determining the dispositive issues.

---

[33] Fed. R. Evid. 401.

[34] Fed. R. Evid. 702. *See Daubert*, 509 U.S. at 591 ("The consideration [of relevance] has been aptly described by Judge Becker as one of "fit." 'Fit' is not always obvious. . ..") (citation omitted).

[35] *Velazquez-Garcia v. Horizon Lines of Puerto Rico*, 473 F.3d 11, 17 (1st Cir. 2007). *See Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) ("The procedures established by precedent require an employee making a USERRA claim of discrimination to bear the initial burden of showing by a preponderance of the evidence that the employee's military service was "a substantial or motivating factor" in the adverse employment action.").

[36] Docket entry # 36, pp. 11-12.

Behan's testimony will be of consequence in determining dispositive issues because it addresses Canamar's legal status and obligations while employed by McMillin. Someone familiar with military terminology may understand the subject matter, but civilian jurors may find the issues more complex.[37] Evidence explaining Behan's military obligations and defining relevant but possibly confusing terms will assist the jury in considering Canamar's claims.[38]

McMillin argues that Behan cannot testify to any disputed issue because the terminology and obligations relate to issues where no disagreement exists.[39] This argument is somewhat disingenuous because Canamar's causes of action stem from differing interpretations of military-service and employer obligations. Because Behan's testimony relates to pertinent facts which will "provide the jury with a fuller understanding of the evidence,"[40] his testimony is relevant.

**Conclusion**. Canamar has met his burden to show that Behan's testimony is both reliable and relevant. For the reasons discussed in this order, I DENY McMillin's motion to exclude Bejan's expert testimony (docket entry # 36).

**SIGNED** on August 4, 2009.

*[signature: Nancy Stein Nowak]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[37]*See Kumho Tire*, 526 U.S. at 142-43 ("The trial judge's effort to assure that the specialized testimony is reliable and relevant can help the jury evaluate that foreign experience, whether the testimony reflects scientific, technical or other specialized knowledge.").

[38]Docket entry # 44, exh. 3, pp. 10-12 (Behan defined the term military order.).

[39]Docket entry # 56, pp. 5-8.

[40]Docket entry # 36, p. 9. *See Daubert*, 509 U.S. at 597 ("Pertinent evidence based on scientifically valid principles will satisfy those [reliable and relevant] demands.").