UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK CANAMAR, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MCMILLIN TEXAS MANAGEMENT | § | SA-08-CV-0516 FB |
| SERVICES, LLC and | § | |
| MCMILLIN TEXAS HOMES, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING LEAVE TO FILE AMICUS BRIEF (DOCKET ENTRY 86)**

The matter before the court is the motion for leave to file amicus brief submitted by the Paralyzed Veterans of America (PVA) (docket entry 86). The motion is opposed by defendants (docket entry 97). The movant has filed a reply (docket entry 100).

By its motion the PVA requests leave to file an amicus brief in this case. The PVA explains that the purpose of its amicus brief is to educate the Court as to the nature of National Guard Service, USERRA, and the nature of the obligations of members of the National Guard with respect to oral and written military orders. The PVA explicitly states that it takes no position on the core questions in this case. Defendants object to the request arguing that the proposed submission offers no benefit to the Court or to the parties.

"The extent, if any, to which an amicus curiae should be permitted to participate in a pending action is solely within the broad discretion of the district court."[1] No rule or statute defines the trial

---

[1] **Waste Mgmt. of Pa., Inc. v. City of York**, 162 F.R.D. 34, 36 (M.D.Pa.1995) *cited in* **Sierra Club v. FEMA**, 2007 WL 3472851, at * 1 (S.D.Tex. Nov. 14, 2007).

1

court's power when determining a motion for leave to file an amicus brief, although the court's authority is found to have been derived from Rule 29 of the Federal Rules of Appellate Procedure.[2] Prior decisions instruct that the factors to consider when determining an amicus request include whether the information offered in the amicus brief is timely or useful, whether the organization submitting the amicus brief is an advocate for a one of the parties, and whether the amicus has unique information or perspective beyond what the parties can provide.[3]

Considering these factors in the context of this case, I find that the information supplied is potentially useful to the Court and beyond that which the parties themselves have provided in their extensive briefing. The PVA has explicitly stated that it takes no position on the central issue in this case – whether plaintiff's employment was terminated in violation of USERRA – and that no party has authored or funded the preparation of its proposed brief. Granting the motion for leave would be an appropriate exercise of the Court's discretion.

It is therefore ORDERED that the motion for leave to file an amicus brief attached as Exhibit 1 to docket entry 86 is GRANTED. I also GRANT leave to exceed the normal briefing page limit.

The Clerk is directed to file Exhibit 1 to docket entry 86 with the record in this case.

**SIGNED** on November 20, 2009.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[2] **Jin v. Ministry of State Security**, 557 F.Supp.2d 131, 136-137 (D.D.C. 2008).

[3] **Ryan v. Commodity Futures Trading Comm'n**, 125 F.3d 1062, 1064 (7th Cir. 1997); **Sierra Club v. FEMA**, 2007 WL 3472851, at * 2.